May it please the Court, Andrea Rusty for the United States. The District Court erred in imposing a 12-month sentence in this case. The government alleged two violations of 1325A in the indictment, and the proper sentence was six months on count one and 24 months on count two. The District Court incorrectly concluded that the absence of an allegation that count two was a subsequent commission rendered the two-year statements inapplicable. It is the government's position that intervening Supreme Court case law, Almendar's Torres in this case, and this Court's decision in Pacheco's Zepeda, have undermined existing Ninth Circuit case law interpreting 1325. It's the government's position that 1325 should be interpreted the same way as this Court has interpreted 1326, which would mean that the second or subsequent commission language was a recidivist sentencing enhancement. Having a subsequent decision from our Court is not quite enough under Miller v. Ganni, is it? That's correct. You have to have something bigger out there, something bigger. And you think the bigger thing out there is Diehl. Diehl and Almendar's Torres in this case, because we believe that 1325 should be interpreted in the same way as 1326. The statutes are similar in structure and purpose, and for that reason, because the Supreme Court found that the second or subsequent conviction language in 1326 was simply a sentencing enhancement, we believe the same applies to the subsequent commission language in 1325. You're reading commission as the same as conviction? Yes, Your Honor. Prior cases where this Court has interpreted 1325, this Court has held that commission should be interpreted the same as conviction, and that commission means actual conviction. And under the Supreme Court's holding in Diehl, the district court's finding of guilt on count one will act as the prior conviction for count two. As a matter of pleading, the information seems pretty clear that they're charging two, and one happened after the first. That's correct. Which makes it subsequent. That's correct. If the Court has no further questions, I will reserve the remainder of my time. Thank you very much. We'll hear from the defendant. May it please the Court. My name is Sean Kennedy, and I'm here on behalf of the appellee, Alyssa Rodriguez, who, of course, was the defendant in district court. And was he happily pleading guilty until the district court came up with an issue. This is true. And the issue is, in this area of the law, 1325A, which is sometimes called felony illegal entry, what is a sentencing factor and what is an element of the offense? Now, for 25 years in this circuit, that question has been answered. This Court has held that in felony illegal entry, the subsequent commission of this offense was an element of the felony charge. Now, today, the government, I believe ---- I'm sorry. What cases? In a long line of cases cited in my brief, since I think the early 80s, the Court has repeatedly referred to the commission, the subsequent commission. But you have to overcome the Armanderas-Torres ---- you have to overcome Diehl, and then you have to overcome the Armanderas-Torres line of cases. So you need something subsequent to 93 and preferably subsequent to 98. Do you have anything like that? No. And I think that's why we're here. And, Your Honor, the judge has commented ---- Why isn't this exactly a cross between Diehl and Armanderas-Torres? Diehl says you can charge them both together, even though there's no idea that you have to sort of commit one crime, go home, think about it, commit another crime. They can just be two offenses, and it's exactly the same language, or close enough. And then Armanderas-Torres and our subsequent cases say this is just a sentencing enhancement. This is not another crime. They're exactly the same crime, but when it comes to sentencing, the Court takes into account that there are more than one conviction. Why doesn't that ---- why isn't this exactly the case contemplated by Miller v. Gammey as a situation in which we overrule our early precedent and conform it to the current state of the law? Well, I'm going to try to answer that difficult question. My first comment is this, Your Honor. I think Diehl answers a question not raised by this case, and that is, is it possible to have conviction number one, the misdemeanor, and conviction number two, the felony, in the same indictment? And the answer probably to that is yes. I mean, that's what Diehl said. Right. But this case says, even if that's true, what should number two, count number two, look like, and should it contain, should it plead, the element of the offense of a subsequent conviction? And I don't think Diehl answers that. Well, let me ask you this. Let's say they were charged separately. Let's say there had been a prior conviction. Okay. So let's say the first count here weren't here, but instead of where we had a situation where she'd been convicted of the early. So now the government goes ahead and charges this crime again. What would it have to say in the indictment, in your view? Would the indictment have to charge any more than commission of this crime, or would it have to say commission of this crime with a prior? And if so, you think you'd have to send it to the jury for the jury to decide whether she in fact had a prior? Well. What would that indictment look like, in your view? Well, I think it would look a lot like count two with the addition of an allegation that this was a subsequent illegal entry conviction. And I don't think. And what would happen when you went to the jury with that? Well. Would the jury be asked to find this or find whether there was a prior conviction? Well, I hope it would happen. Well, I'm asking you what you would, what's. What I think. Would satisfy you so that you wouldn't take an appeal if it, you know, if it was done that way. Well, I want to make it clear we didn't take this appeal. But, Your Honor. Well, I understand. The shoe's on the other foot. I'm just saying how do you think that case would be handled? So if you were a defense lawyer, you'd say, okay, I lost, you know, the jury convicted anyway. I got everything I wanted, so I can't complain. Okay. So what is it that you would want to happen at that point? Well, I would want what I see, and I'm not a state court lawyer, but I've been doing a lot of these petty theft with a prior type cases where, you know, petty theft is ordinarily a misdemeanor. But you don't want to bring that petty state court stuff into federal court. We don't do that kind of thing. But, you know, I do, Your Honor, because I think it's very similar to. You probably want lawyer of ordeal, too, next. Well, the thing is that we're not talking about just a sentencing enhancement. This really is moving up a class. We're talking about moving up from a misdemeanor offense up to a felony offense. And that happens in petty theft with a prior. And when it happens in state court, they do it the way I'm asking this court to hold that we ought to do it here. And I think that this court already has. And that's a question here. The, since we have Almondora's Taurus and Pacheco's Apeda, they deal with 1926, right? Yes. Your whole argument rests on 1925 being different than 1926, right? Well, I think that's a large part of my argument. Well, I'm not trying to not answer your. Well, I'll just tell you frankly, Your Honor, I think that, I don't mean any disrespect to the court, but I don't understand how Pacheco's Apeda reconciles Almondora's Taurus with Apprendi. I don't think that the two can be reconciled truly. So, but if they are, as this court has held, then I think you've exactly stated my argument. And the reason that I say that, Your Honor, is not to be flippant, but, you know, in Almondora's Taurus, it was a very close decision. You're not the only one in the world who thinks Appendi and Almondora's Taurus are hard to reconcile. Okay. Thank you, Your Honor. I appreciate that. But if they are reconcilable, then I think the question is, you know, if 1326B is a sentencing enhancement, then why isn't 1325A, the felony part, a sentencing enhancement? And I think there are really good answers even in that, even when the question is framed that way. And the first, I would say, is this, which I've already mentioned, is that's a real bump up. We're talking about moving from a misdemeanor to a felony. And I think the idea that that kind of bump up is traditionally, or ought to be considered a sentencing enhancement, would be a pretty novel theory. And I think that I can't, as we stand here, as I stand here, think of any other similar thing where it's a sentencing enhancement that converts something from a misdemeanor to a felony. And, in fact, the Supreme Court has held in another kind of bump up where we're talking about noncapital felonies and capital felonies, that those so-called sentencing, you know, enhancements or aggravators are elements of the offense that have to be approved beyond a reasonable doubt and fled that way. Well, those are sort of death is different kind of cases. Well, death is different sometimes, but I think, in general, the logic applies in the same way, that when we're talking about moving up a class, it's different. It's different than in 1326b, where it's a felony to begin with. Under a, it's a felony. Under b, it's a felony, and the difference is the statutory maximum. Here, we're talking about moving from a misdemeanor offense to a felony, and I think that's different. This is the same as the misdemeanor felony, or is it just that the maximum penalty is within the misdemeanor range? Judge Kudinski, you're exactly right. It just defines it. Now, out in the world, these traditionally, at least I shouldn't say the world, in my world of the central district, I mean, these are often referred to as misdemeanor felony entry and, I mean, misdemeanor illegal entry and felony illegal re-entry because of those sentences. And then there's other reasons, too, and that's … And what are the consequences of somebody being a felony as opposed to misdemeanor? A 924c kick, or you're a felon in possession, what's it, 924c kicks in? Well, what's, other than the amount of time served, what is the difference between a felony and a misdemeanor? Well, I'm not an immigration lawyer, but I know that … I just mean in terms of general criminal law. Well, you know, I think being a felon and being a misdemeanor are very different, and probably the consequences that flow from the different convictions are big. Now, some aren't going to apply here because this is a criminal immigration charge, but, I mean, I do think generally they're considered differently, and I know they're considered differently in immigration law. I mean, there's a big difference when the person goes to immigration court as a misdemeanor versus when he goes to immigration court as a felon. And finally, I see I'm coming to the end, the whole structure of the two, 1325a and 1326b, I think there are real differences. These are both criminal immigration offenses, but, you know, in 1326b, one of the big things that was touted in the opinions is that it says criminal penalties under a separate section, and here it's really not like that. Are we going to have to reject some prior precedent that equates 1925 and 1926 and says they should be construed the same? Well, I don't think you're going to have to. I think that this court can definitely finesse that because it's really just one case, I believe, and it's said in passing, but when you look for the purposes of this question, which has become very different in the Apprendi world, they're really not the same, and one of the big reasons they're not the same, I think, is this bump up in class. That's a very different type of problem. Okay, thank you. Thank you. Go ahead. To respond to Judge Rossani's question, actually, this Court would have to reject the Campos-Martinez case that it was the government's argument in that case that 1325 and 1326 should be interpreted differently, and this Court held that they should be interpreted in the same fashion. Well, but, you know, differently, in the same way, you know, you can interpret two statutes the same way for one purpose and differently for others, depending on whether they are similar or not, and what do you make of this distinction that Mr. Kennedy came up with here at the last minute between misdemeanor and felony? Well, I think, first, the statute does not term them as such, and I think that But they are, in fact. It does, in fact. As defined for the law purposes, and all sorts of things kick in if something is a felony, like a felon in possession. Correct. And I think if you return after having certain kinds of felonies, you, after you can, if you come back to the country after having certain felonies, the punishment becomes much more severe. So, and I don't know what the effect on voting is in this state, but certainly some states being a felon, even a federal felon, makes you ineligible for a vote. Why wouldn't that be a substantial enough difference to make it more than a sentencing enhancement? I don't think that it changes the Court's analysis. I think the fact that it puts the person into a different category does not change that it's meant to be a sentencing enhancement. I mean, there's nothing in the statute to lead the Court to believe that Congress intended this to be an element. So I don't think it makes a difference. I think it's an unfortunate consequence, perhaps, for the defendant, but clearly just as in 1326, although 1326, they are both felonies, I think the Court intended it to be a sentencing enhancement. The additional requirement of having to prove the prior conviction doesn't really change what you're going to term the second conviction. So I don't think that it changes the analysis. You don't have any law on this one way or the other? Not on the difference between going from a misdemeanor to a felony, no. Okay. Thank you. There appears to be no further questions. Case, Justice Alito, will stand submitted. And I guess you, Ms. Roussea, can just say put. Are you the mistress of the blue brief? The unusual government blue brief? We'll hear next the case of United States v. Bonas. Good morning, Your Honor. First, may the plaintiff record Kiyokato on behalf of Mr. Bonas, and I'd like to reserve two minutes of my time. As the Court's aware, this case concerns a defendant's constitutionally protected right to be tried once by the first jury and panel to hear his case. And just because the trial court grants the government's request to, quote, utter the magic words, manifest necessity, doesn't mean that manifest necessity is, in fact, present. So like Harry Potter, you know? Excuse me? Like Harry Potter, if you utter the right charm. Exactly. Magic words, magic dust. You need much more than that. You need manifest necessity in that you need facts and evidence in the record to support the Court's finding of manifest necessity. You need something extraordinary. Is it the finding? Is it the conclusion of law? Is it the exercise of discretion? What is it that this thing is? Your Honor. How do we review it? How much deference do we owe the district? Your Honor, I think certainly the courts do state that you must afford a trial court deference. However, that must be limited, and it must be limited. Is that what we usually say as we're reversing? Affording deference to the trial judge? What does that mean, deference? Your Honor, I think it's a recognition of the trial court's unique position. But, of course, that position can't be abused. And where the trial court makes a finding or a conclusion that is not supported by facts and the record, as it did in this case, then this Court must reverse. What would you think the district judge should have done differently than he did? Your Honor, I think that many things should have been done differently. But to start with, there should have at least, at the minimum, been a colloquy between the judge and these jurors to determine whether or not there was, in fact, manifest necessity. But wasn't the judge reluctant to push the jurors too hard for fear that, in other words, you bring these four jurors in and grill them? It's obvious where that's coming from. It's coming from the parties. And if they don't get what they want, which is to be released to go back to pay their mortgages, they're going to be madder than hell. Your Honor, I don't think it's any different than traditional voir dire. You have the jurors pose an issue. We might not get paid by our employers. There's a subsequent colloquy between the court and these potential jurors to determine whether or not that issue rises to a level of preventing them from being fair and impartial juries. Is there any suggestion directly to the district judge that that should happen? No, Your Honor. And, in fact, I would suggest that this argument that the government makes, which is, well, defense counsel never asked for it, is misplaced. The judge takes the bench and says, here are the facts. I believe that's manifest necessity. The burden is on the defendant simply to object, object, oppose the mistrial, and essentially say, that's not manifest necessity. But now you're saying that more should have been done. And it seems to me that the way we usually approach claim trial error is to say was it or how much of it was brought to the attention of the district judge. That's the place to cure it. You have everybody right there in the room, and then you tell the district judge, judge, you can't do this without giving us a chance to voir dire these jurors and get a ruling. Your Honor, the burden and the courts are very clear about this. The burden and the duty lies with the prosecutor and the judge to establish facts in the record to support a finding of manifest necessity. But the burden is on the defendant when the defendant alleges error here to show that that error is in the record or was presented to the district court. In other words, our view, at least it seems to me, is that we have a difficulty reversing a district court on an error that was not brought to the district judge's attention. Your Honor, certainly the error was brought to the district court's attention when defense counsel, which in this case was myself, said, no, we object. And at that point, the implied message is there's not facts in the record to support this court's opinion. You admit that if you had to do it over again and you knew what questions you were going to be asked today, that the wiser course for you to have done at that point and, you know, none of us are trying a case right now, so it's always easy to second guess what should have happened. It would have been wiser to tell the court, no, Your Honor, we request that the court bring each of these jurors into court and voir dire them on this issue individually. Your Honor, in hindsight... That would have been the better course. I'm not quite yet ready to concede that point because the burden is on the government to establish a complete record to support manifest necessity. You certainly have a much better answer to Judge Nelson's question if you had done that and the court said no. Well, I think the court's correct, but again, it's misplaced because it's not up to the defense to say that's not manifest necessity. But assuming you had the facts to support that finding, here are all the steps you should go through, Judge. That is not the burden. That is not the duty of defense counsel. It's clear that it is the burden and the duty of the government to make that record. It is not our job to point out to the government in which ways the record are sufficient. So your position, if I can paraphrase this, your client or you on behalf of your client have said this is my jury, I'm entitled to go to verdict with this jury. And if anybody wants to take it away from you, they have to make a record. Exactly, Your Honor. That's your position. Exactly, Your Honor. And it's not simply me saying this is my jury. It's the Constitution saying this is your jury. Well, I understand. It wouldn't do you any good to say that unless you had the Constitution or something behind it. And again, you know, in order to override that very... Let me ask you something here. It seems to me the judge comes into court. He says, I could talk to all these people. This is what they've told me. And I don't think they can be fair. At least that's one way you could read the transcript. And it seems to me that if you don't do anything, you're basically saying, I accept that the judge is factual about it. And then your only argument at that point is left the factual finding the judge made, which you can't... The argument would be you can't object to now because you didn't do anything about then. So you accept his factual findings, and now your argument is as a matter of law, those factual findings don't amount to manifest necessities. Your Honor, when the court came out on the bench at the time the miscronts declared, the only issue raised and the way that that issue was framed was, these jurors will not be paid by their employers. You should ask the judge a response to the question. I don't think you're asking her a question. I hope I'm getting there. That was a factual finding. There wasn't any factual finding that they could not be fair and impartial. Okay. I'm saying assuming what interprets the record as being a finding at that point, that they could not be fair and impartial, then your only, I would think, the only thing left to you would be to argue what the judge did there does not amount as a matter of law to manifest necessities. Your Honor, I think we actually still could argue that the record before the judge did not support that finding. For example, if you have a judge come out and say, well, you know, defense counsel is wearing red, and I've heard four jurors say that they don't like the color red, therefore I don't believe they can be fair and impartial. So clearly that type of logic would not be upheld because it's not supported by any evidence in the record. I thought you were making a different argument. It's not a question of logic. You're simply saying there's no record. There's no record to base. I mean, let's say a district court has said I have made findings, and I thought your argument was, well, maybe the district court did make findings, but since we don't have a record on which to review those findings, there's no evidence to support it. Your Honor, I think it's both a problem in terms of logic and in terms of the record. The record is deficient. But in terms of the logic that somehow all four of these jurors would face such an undue financial burden as to prevent them. We don't know. I mean, I think it clearly collapses into the question of whether the record supports it. For all we know, all these jurors would have said, you know, we did say to the court, we can't sit here. If we're made to sit here one more day, we're going to take it out on Mr. Bornas for finding him guilty, even though we know he's innocent. I mean, this is entirely, there would be nothing illogical about a judge who had gotten that kind of answer, finding that there was manifest necessity to dismiss. So really, your argument collapses to an absence of a record supporting the district court's findings. Isn't that what it really jumps down to? I think the Court's correct. Of course, we can envision a world where these facts were, in fact, present. Putting aside the problem with having those conversations off the record, outside the presence of counsel and the defendant, of course, you could, under some circumstance, have that. But again, as the Court just pointed out, the issue is that conclusion, that finding, is not supported by the record. Thank you. Thank you. You end at just zero minutes, zero seconds. Thank you. We'll hear from the government. May it please the Court, Andrea Rusty for the United States. Can I ask you a question? It seems to me that during the trial, I didn't really see the judge make a finding that these jurors were partially impartial. I saw a hint of that later on when they were talking about the, but can you tell me where exactly the judge's finding that these jurors could not be fair and impartial was? I thought it was a little vague. The judge, at the time that he declared a mistrial, he stated that, after he asked to hear from the parties, that they could not be fair. Do you actually state then that he had decided, after talking to these people, that they could not be fair? Well, what he said, and this is at the extricate record, page 272, he said that... Line what? Beginning on line one, but I'll be reading from line five, that he made contact with the four jurors, asking them whether they could be fair. He doesn't say, I mean, you've discorded here. He didn't say he has made contact. He said we've made contact. So he's either using the royal we or... His courtroom deputy. Excuse me? I would assume it was either the judge or his courtroom deputy probably made the contact. Right. So we don't even, at least to read this literally, we don't even have an ear witness. We have a statement by the judge based on a hearsay account of at least one intermediary. Just to be entirely correct or accurate as to what the district court represents here. But go ahead. On line eight, he says, I thought that we imposed enough pressure on them, short of some reaction by these jurors that can adversely affect the parties here. Then the court consults further with the parties, and the government asks the court to... I'm sorry. How does that answer... Well, he doesn't... How does that answer Judge Lestani's question? At the time he initially declares the mistrial on the 15th of November, he does not use the words fair and impartial on that day. He says that they made contact with the jurors, and he felt that any further... No, no. I understand that. But I'm just wondering, what is it that he says in substance that would say he doesn't need to use the magic words, but here it is he has... You think the sentence, I thought that we imposed enough pressure on them, short of some reaction by these jurors that can adversely affect the parties here? Well, I think that that's... There's actually later in the record at page 274, which is also the date that he declares the mistrial, Okay, what line? Line 6. He says, I cannot see how we could continue to proceed in this action unless we force the jurors to continue to serve. If that happens, I don't think we are going to get the kind of results that we should. By that, I mean a fair trial for all parties concerned. On that basis, the court does declare a mistrial. Okay. So you find that a finding of manifest necessity? I do. I believe that he is... Assuming it is, and I'm not convinced, why is it correct? The Supreme Court has said the jurors have to serve even if it's a financial hardship. So they couldn't even be dismissed for cause. That's the... What's the name of that case? I'm sure you know that. The 1946 case, Teal maybe was it? You're correct, Your Honor, that financial hardship is not... So, why is the fact that they might have to be without pay for 5 or 6 days? I mean, I sort of don't get it. I think that if the court's finding was based on, if he said, these jurors are not going to be paid, therefore I'm excusing them, we would not have enough. But what he found was that, based upon their financial hardship, they didn't have the state of mind that he believed that they were going to, this was going to adversely affect the parties and the process. And it's hard to know... Well, I'm not sure I understand. I mean, we have... I mean, putting aside for the minute the huge problem you have, that none of this is in the record. And I tell you, this is probably going to be dispositive. But putting that question aside, the... We have jurors here who were vardyed, and the last thing that came out of their mouth on the record was, we can be fair and impartial, and we can... We have nothing personal to us that wasn't asked that might affect our ability to be fair and impartial. That's the last thing we have that comes out of their mouth on this, on this, on this record. Now, sure, they might be ticked off, and they might wish not to serve. Lots of jurors prefer not to serve. And lots of jurors may be angry at the world, at their employer, at the court, and who knows what, if they're forced to serve anyway without pay. But the last thing we have from them is their statement, their sworn statement on the record, and they are sworn, as you know, that they can be impartial. What reason do we have for believing that whatever anger or unhappiness they feel will undermine the sworn statement they made that they can be impartial and that whatever they feel cannot be cured by an instruction, which I know the government is always happy to say, you know, the jurors instructed, you know, and they say, I understand, they will follow. The jury says, you know, the judge says, look, you may not take this out on the parties. You can be angry at the court, you can be angry at the employer, you may not take it out on the parties. And the jurors say, yes, Your Honor, we understand, we'll follow. Now, what reason do we have to believe that that is not the situation here? The only reason that we have is that Judge Takasugi said on numerous occasions, it was his belief that these jurors could not carry out their duties and that it would never... But based on what? I mean, the only thing we have from these jurors is a statement, quite unequivocal, that they can be impartial. I'm having a difficult time without a transcript, without knowing what the jurors said. And remember, we're only talking about two, not four. You could lose as many as two of them and still be okay because you had two ultimates. Now, of course, we don't know who talked to them. We don't know what questions they were asked. We don't know what answers they gave. We don't know how they would have reacted to an admonition by the court telling them that they must be impartial regardless. Is that... I just have a very hard time finding manifest necessity in these circumstances. Well, it's... I mean, finding a support, rather, for the district court's determination of manifest necessity. What I think is required is that the district court is entitled to discretion that he... Well, let me ask you something else. Do you have a single case that you can cite to me where a court has made findings based upon stuff that he learned through the rumor mill in the courthouse that's not based on evidence on the record? Where you have no idea, we are unable to review whether the district court is making it up, misunderstood, or anything like that. We have no transcript. We have no formal examination. We have no opportunity to either cross-examine or suggest further questions to the judge or even a chance to reveal what the witnesses said to make sure that, in fact, what they said is germane to this. Can you cite to me a single case in the history of the common law going back to King John? The closest I can come is this court's decision in the Jarvis case where Oh, this is my second case, okay. Yes. Um, where the jurors saw four of the defendants being transported in shackles and in that case the district court did not make any inquiry of the jurors as to how this affected them, what their state of mind was. But that is a little bit different saying that the district court has looked at it. At that point we are looking at the same record as a trial judge and you know, we may agree or not disagree but anyway, Jarvis is a law of the circuit but I can certainly see well but I'm asking you really a different question. Here we're asked I mean you can have it you can play it one of two ways. You can say look, the district court made findings based on stuff that happened in chambers which is what you've been doing. You could also say that manifests necessity from the known facts from the known and undisputed facts. We know and I think the defendant doesn't dispute that they would not be paid and that established manifest necessity on its own. If you want to do that we can go down to Jarvis. But the question really I have for you is assuming we have to rely on what the district court found based upon his fact finding I don't know what you call this district court court of gossip I don't know I don't know who's the we in there assume we have to rely on that do you have a single case anywhere in the history of the common law that  a reviewing court has upheld findings by a trial judge where there's no record there's no evidence even that the court that the district court found that the judge himself observed the witnesses in this case jurors the speakers personally but that it may well have been through an intermediary or intermediates is there any such case I can't go as far as the history of the common law but in my research I did not come across a case where there was I didn't come across a case that was identical to this circumstance French law I can look the Supreme Court has been recently it's a very generous incitation but but this would be very strange indeed to uphold manifest necessity a constitutional right one of the one we consider to be one of the most fundamental rights the defendant has a trial and that is the right to stick with the jury that there's been a panel in his case on something this flimsy this is just one of those cases where the district court goofed and and you're stuck with it isn't it I mean it's just it's just too bad it seems like this is a bad guy but there's really no way around it is there I would not agree that the record is entirely flimsy I think the district court actually tried to do well let's say that defense counsel disagrees wanted to say look the district court was clearly erroneous in his findings let's say she wanted to do that and wanted to argue to us look what the four jurors said really was misinterpreted how could you do that and how could I satisfy myself that Judge Sagasuki didn't just invent this not that he would he's a very fine jurist and all that but I can't take his word for it I have to review how do I review how do I know that he didn't misunderstand or that he asked the right questions or that even he personally observed the witnesses how do I make sure that that's the case so that when it comes around to saying gee this is a finding by district court I'm satisfied yes you know this is a good finding supported by substantial evidence how do I do this I think that you're correct that there is not the record doesn't contain the specifics of what the conversation he or someone in his staff had we don't even know that there was a conversation well he said that he's not under oath we don't even have sworn testimony so that do we no but normally the way the evidence if you want to rely on evidence the way evidence comes to the record is somebody gets on the witness stand raises his right hand and swears all we have is the district judge and the district judge let's say fibbed about this not that he would I'm just saying if he did he wouldn't be subject to perjury you couldn't prosecute him for violating 18 U.S.C. 1001 could you I mean it would be very difficult but I think that I think that this court has to assume at a minimum that what the judge relayed to the parties was that why why do we have to do that because he's entitled to discretion in this case I think that this discretion to make finding based upon stuff that happens in chambers without a reporter without counsel present well to some extent this is a circumstance where as Judge Nelson pointed out it may have been difficult to bring the jurors out and question them further without taking them perfectly fine you just bring them one at a time it happens all the time you just ask them questions and if they and then you instruct them you say look Mr. Juror if you are angry about this at anybody you be angry at the court but I instruct you not to be angry at the parties and not to take it out on the parties do you think you understand this yes do you think you can follow yes I can no I can't it happens a hundred times in district courts all over the country every day have you seen it happen dozens scores of times Judge Takasugi did not think that was the appropriate   fine wasn't he I mean I'd love to affirm in this case I mean show me how give him give him give him give him give him give him what else I've expressed why don't you persuade me I think that the best that I can do to persuade you is that Judge Takasugi really attempted to do everything he could in this case he but this is a constitutional right it is trying hard doesn't count you have to actually succeed you have to actually make a finding of manifest necessity and a finding as I've always known as the case has to be something based on the record of which there is none here I don't I am you know that's what I keep running up against right and we do lack there is no information about what the jurors told him there is however information about all what if he misunderstood what if they told him things and he is a little hard of hearing and he just didn't quite get it I don't know I don't know Judge Takasugi's state of hearing but he did mention at the beginning in the course of the mistrial hearing he mentioned that these jurors had repeatedly made comments to his courtroom deputy did he say anything about that they would fail to be impartial did they say that or that they would take it out on the defendants maybe they took it out on the government maybe an impartial jury or a partial jury is exactly what the defendant wanted since it was his opinion that the jury that would be angry at the government was a good jury for him he on more than one occasion said that he was very concerned about the rights of the parties particularly the defendant he was concerned that these jurors were going to hold this against the defendant and the defendant would get a fair trial so he was acting it's the government that brings the case if you were going to just guess it then I would guess the jurors would be angry at the government no? all I can say is that he believed it would adversely affect the defendant and that is the reason he declared a mistrial here thank you thank you your sum out of time would you like 30 seconds for a bottle or something or just let it go case is signed you will stand
judges: Kozinski, Tg Nelson, Restani